IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JASON LEE SCHAEFER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-00038-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

**I.**

**STATEMENT OF THE CASE**

Petitioner Jason Lee Schaefer was charged by indictment in the 47th District Court of Randall County, Texas with Count I: aggravated assault against a public servant, Count II: aggravated assault with a deadly weapon, and Count III: deadly conduct of discharging a firearm. *See State v. Schaefer*, No. 25596A; (ECF No. 21-1 at 11-12.) The State waived Count II, and Petitioner, after pleading *nolo contendere* in open court, entered his written waivers and a judicial confession. (ECF No. 21-1 at 14-19; ECF No. 22-10 at 11-20.) The trial court accepted Petitioner's plea of *nolo contendere* and, on May 9, 2016, sentenced him to 20 years imprisonment on Count I and 5 years imprisonment on Count III, to run concurrently. (ECF No. 21-1 at 3-5, 7-9.)

Petitioner filed a direct appeal, but the Seventh Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion. *Schaefer v. State*, 07-16-00219-CR, 2017 WL 3045897 (Tex. App.—Amarillo July 14, 2017, no pet.). Petitioner did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("TCCA"). (ECF No.

22-1 at 22.) Petitioner filed a state application for a writ of habeas corpus on July 13, 2018, but the TCCA dismissed it as non-compliant on February 13, 2019. *Ex parte Schaefer*, No. WR-88,885-01 (Tex. Crim. App. Feb. 13, 2019); (ECF No. 21-1 at 26.) Petitioner then filed a second state application for a writ of habeas corpus on February 19, 2019, which the TCCA denied without written order. *Ex parte Schaefer*, No. WR-88-885-02 (Tex. Crim. App. May 15, 2021).

On February 19, 2019, Petitioner placed his federal application for a writ of habeas corpus into the prison mail system. (ECF No. 3 at 10.) On May 3, 2019, the Court ordered the State to provide its position as to whether the Court should grant a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) to allow Petitioner to exhaust his claims in state court before ruling on them. (ECF No. 11). The State responded that a *Rhines* stay was unwarranted because Petitioner's claims were barred by the applicable statute of limitations. (*See* ECF No. 14.) Accordingly, the Court ordered the State to file a preliminary answer addressing whether the statute of limitations barred Petitioner's claims. (ECF No. 19.) The State did so; and Petitioner filed a reply brief. (ECF Nos. 21, 23.)

## II.

### PETITIONER'S ALLEGATIONS

Petitioner contends that he is being held in violation of the Constitution and the laws of the United States for the following reasons:

1. He was denied effective assistance of trial counsel because his trial counsel:

    a. Failed to obtain evidence of Petitioner's mental incompetence to stand trial or to commit a crime;

    b. Failed to learn the probation law despite Petitioner's request;

    c. Failed to obtain mitigating evidence to present at sentencing;

    d. Requested probation even though probation was not available; and

     e. Filed a motion for a new trial but did not request an evidentiary hearing;

2. He was denied effective assistance of appellate counsel because his appellate counsel failed to raise the arguments that Petitioner presents in this petition;

3. His guilty plea was involuntary and unintelligently entered because his trial counsel told him he would get probation;

4. He was mentally incompetent at the time of trial and at the time of the offense;

5. He is actually innocent because there is no evidence that he assaulted anyone.

(ECF No. 3 at 6-7.)

## III.

## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The pertinent dates here are not in dispute. Petitioner's conviction was affirmed by the Seventh Court of Appeals of Texas on July 14, 2017. *Schaefer v. State*, 07-16-00219-CR, 2017 WL 3045897 (Tex. App.—Amarillo July 14, 2017, no pet.). Petitioner's conviction then became final on August 13, 2017 when the time for filing a PDR with the TCCA lapsed. *See* TEX. R. APP. PROC. 68.2. Absent tolling, the federal limitations period expired a year later on August 13, 2018.

As noted, only a properly-filed state habeas application will toll the federal limitations period, and a state application for a writ of habeas corpus is "properly filed" pursuant to § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 9 (2000). Because the TCCA dismissed Petitioner's first state petition as non-compliant, it did not toll the federal limitations period. *See Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999) (a properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Nor did Petitioner's second, compliant state habeas application toll the limitations period because it was filed in February 2019—months after the federal statute of limitations had run. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the limitations period had expired"). Thus, Petitioner's federal habeas petition—filed February 19, 2019—is over six months late.

### IV.

### **ACTUAL INNOCENCE**

Petitioner claims that he is actually innocent, which allows his claims to proceed even if untimely. In *McQuiggen v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held

that tenable claims of actual innocence serve as a gateway through which the petitioner may pass, allowing his underlying constitutional claims to be considered despite being raised outside the AEDPA limitations period. *See* 569 U.S. at 386. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). To invoke this exception, however, the petitioner must present "new, reliable" evidence that was not previously presented and was unavailable to him in the underlying proceedings and also show that it is more likely than not that "in light of the new evidence," no fact finder acting reasonably, would have found petitioner guilty. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Petitioner does not make the required showing to invoke the actual innocence exception. He appears to argue that he is actually innocent because "there is no evidence in the record that he assaulted anyone." (ECF No. 3 at 7.) This is incorrect because Petitioner pleaded *nolo contedere* to the assault (which has the same legal effect as a guilty plea under Texas law), and a guilty plea itself serves as a conviction. *See* TEX. CODE CRIM. PRO. ANN. Art. 27.02(5); *see also Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983) ("[A] guilty plea is more than a confession of having acted culpably, it is itself a conviction.").

And while Petitioner claims here that that plea is constitutionally infirm, his allegations on this issue are wholly conclusory and insufficient to show that no evidence of his guilt exists in the record. This is especially so because judicial confessions "are entitled to a presumption of regularity and are accorded great evidentiary weight" on

habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Further, and perhaps equally as important, Petitioner points to no *new* evidence supporting his actual innocence claim. For these reasons, Petitioner's attempt to rely upon the actual innocence exception to the statute of limitations should be denied.

### V.

### STATUTORY TOLLING

Liberally construing his filings, Petitioner makes two arguments for statutory tolling. First, he asserts that, pursuant to 28 U.S.C. § 2244(d)(1)(C), his claims involve newly-recognized rights under Supreme Court precedent that have been made retroactively applicable to cases on collateral review. This is incorrect. Petitioner's potentially cognizable claims—that he received ineffective assistance of counsel, entered an unintelligent and involuntary plea, and was incompetent to stand trial or commit a crime—do not involve any newly established ground for relief.

Petitioner also suggests that 28 U.S.C. § 2244(d)(1)(D) supplies the pertinent statute-of-limitations start date because he could not have discovered the factual predicate of his claims "by the time Petitioner was admitted to the hospital for mentally [sic] illness before his conviction [be]came final on August 13, 2017." (ECF 23 at 4.) As discussed above, Petitioner's claims all involve facts of which he would have been aware when the complained-of acts or omissions occurred. He would, or could have through diligence, been aware of his trial counsel's alleged errors, his incompetence to stand trial, the involuntary nature of his plea, and his appellate counsel's alleged errors prior to his conviction becoming final. *See, e.g., Brown v. Curry*, No. Civ S-07-1474 MCE EFB P, 2008 WL 2788484, at *3 (E.D. Cal. July 18, 2008), *rec. accepted* 2009

WL 1211648 (E.D. Cal. Apr. 30, 2009), *affirmed* 451 F.App'x (9th Cir. 2011) ("Petitioner was involved in the actual proceedings that provide the factual predicate of each claim. Thus, it is implausible that he learned of these facts four years after his conviction. While it is plausible that he did not know until four years after his conviction that these facts could form the bases of claims for relief, this is of no import under § 2244(d)(1)(D)); *see also Martin v. Fayram*, 849 F.3d 691, 697 (8th Cir. 2017) ("Martin's ineffective assistance of appellate counsel claim turned on his appellate counsel's failure to raise his trial counsel's alleged ineffective assistance. Martin would have been aware of his appellate counsel's failure to raise that claim on appeal as soon as he had 'read the brief filed on his behalf.'") (citation omitted). Accordingly, 28 U.S.C. § 2244(d)(1)(A) supplies the pertinent statute of limitations start date.[1]

## VI.

## EQUITABLE TOLLING

Petitioner also argues that equitable tolling should apply. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be

---

[1] Petitioner also makes a freestanding actual innocence claim, but actual innocence is not, untethered to the violation of any other federal right, a cognizable claim in the habeas context and therefore cannot serve as the "newly recognized" right envisioned by 28 U.S.C. § 2244(d)(1)(C). Nor may a freestanding actual innocence claim's factual predicate serve as the basis for statutory tolling under 28 U.S.C. § 2244(d)(1)(D). This is because actual innocence can only serve as a gateway to allow consideration of other claims; it does not supply a claim itself, and its factual predicate is therefore irrelevant to a 28 U.S.C. § 2244(d)(1)(D) analysis, which is concerned with factual predicates of cognizable claims. *See Cooper v. Stephens*, No. 3:14-cv-4212-M-BN, 2016 WL 2855580, at *3-4 (N.D. Tex. Apr. 21, 2016), *rec. accepted*, 2016 WL 2824637 (N.D. Tex. May 13, 2016) (finding that the petitioner's purported actual innocence claim could not in any way invoke the "factual predicate discovery date" provisions of section 2244(d)(1)(D) (citing *Martinez v. Stephens*, No. 2:14-cv-152, 2016 WL 4597554, at *2 (N.D. Tex. July 30, 2015); *Hammack v. Quarterman*, No. 4:06-cv-111-A, 2006 WL 1831329, at *3 (N.D. Tex. June 30, 2006) ("Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings, Hammack is not entitled to tolling under § 2244(d)(1)(D)") (collecting cases); *Moraless v. McNeil*, No. 09-21335-Civ, 2010 WL 2976552, at *4 (S.D. Fla June 14, 2010), *rec. accepted*, 2010 WL 2976550 (S.D. Fla. July 20, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D).") (collecting cases)).

equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653. Nevertheless, "[e]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

Liberally construing his pleadings, Petitioner seeks equitable tolling under multiple theories. First, he claims that he is mentally ill and that prevented him from filing a timely habeas application. The Fifth Circuit has noted that it is possible that mental illness can equitably toll the AEDPA's statute of limitations. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). However, it does not do so as a matter of right. *See Smith v. Kelly*, 301 F.App'x 375, 377 (5th Cir. 2008). Instead, equitable tolling due to incompetence can only be found where the petitioner makes a threshold showing of incompetence and shows that the incompetence contributed to the delay. *See Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013)). Petitioner fails to establish either of those points. He claims that he has been mentally ill "since he was a veteran in the service" and that he was, at unspecified periods in the eleven months before he filed his first state habeas

petition, in a hospital for mental illness, but he points to no evidence supporting these conclusory assertions.  (*See* ECF No. 23 at 5.)  Unsupported assertions of mental illness are insufficient to justify equitable tolling because this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition…, unsupported and unsupportable by anything else contained in the record to be of probative evidentiary value."  *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)); *see also Gibbs v. Lumpkin*, CIVIL NO. SA-21-CA-0062-JKP, 2021 WL 4340969, at *3 (W.D. Tex. Sept. 23, 2021) (rejecting the petitioner's equitable-tolling-due-to-mental-illness argument and noting that "[p]etitioner has provided nothing to corroborate his allegations of continuing mental illness.."); *Lee v. Tanner*, CIVIL ACTION NO. 19-10362, 2019 WL 7403982, at *4 (E.D. La. Aug. 20, 2019) (rejecting petitioner's argument that his mental illness justified equitable tolling of the AEDPA's statute of limitations period because the petitioner offered "only minimal, generalized assertions unsupported by any objective evidence that would establish that he suffers from mental incompetence severe enough to impair his ability to file timely for relief"); *Williams v. Hooper*, 2:19-cv-0198, 2019 WL 3331621 (W.D. La. May 30, 2019) (rejecting equitable tolling and finding no support for claimed diagnoses of paranoid schizophrenia, manic depression, and gender dysphoria, and no explanation of how or to what extent they prevented him from determining what legal action petitioner must take), *rec. accepted* 2019 WL 3331707 (W.D. La. July 23, 2019)).

Nor does Petitioner show that his incompetence, even if he made a threshold showing of it, affected his ability to file a timely habeas petition.  To the contrary, Petitioner filed a state habeas petition before he filed this federal petition and seems to indicate that he could turn to other inmates to help him file his petitions.  (*See* ECF No. 23 at 4.)  In short, mental illness does not justify equitable tolling here.

Petitioner also claims that his *pro se* status and ignorance of the law warrant equitable tolling. However, it is well-settled that *pro se* status alone or lack of knowledge of filing deadlines do not constitute an extraordinary circumstance that justifies equitable tolling. *See*, *e.g.*, *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (prisoner's *pro se* status and lack of knowledge of filing deadline did not warrant equitable tolling); *see also Gonzalez v. Wilkinson*, 269 F. App'x. 481, 486 (5th Cir. 2008). Indeed, neither a petitioner's "*pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 F.App'x. 316, 323 (5th Cir. 2012) (per curiam); *see also Nelson v. Quarterman*, 215 F.App'x 396, 398-99 (5th Cir. 2007) ("[A] defendant's pro se status will not excuse an untimely habeas petition."); *Smallwood v. Cain*, Civ. Action No. 12-2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling.").

Finally, although not clear, Petitioner also seems to indicate that his attorney on direct appeal erred in failing to "keep up with the clock," which resulted in Petitioner not filing a PDR and, presumably, warrants equitable tolling. (*See* ECF No. 23. at 3). However, even if this is accurate, it only implicated Petitioner's direct appeal obligations and has not been shown to have impacted his ability to pursue collateral relief in a timely matter. *See Lee*, 2019 WL 7403982 at *5 (rejecting argument that the failure of petitioner's attorney to file a direct appeal warranted equitable tolling because "even if trial counsel's failure to pursue a direct appeal on Lee's behalf could be considered abandonment, it only implicated his direct appeal obligations and has not been shown to have impacted his ability to pursue collateral relief in a timely manner") (citing *Purderer v. Vannoy*, Civ. Action No. 17-324, 2018 WL 1319023, at *8 (E.D. La. Jan. 26, 2018), *rec. accepted* 2018 WL 1287621 (E.D. La. Mar. 13, 2018) (petitioner has not shown that his counsel's

actions in failing to file a direct appeal "stood in the way and prevented timely filing" for post-conviction relief)) (citing, in turn, *Robinson v. Davenport*, Civ. Action No. 2:15cv462-MHT, 2017 2819041, at *3-4 (N.D. Ala. May 24, 2017), *rec. accepted* 2017 WL 2819307 (M.D. Ala. June 29, 2017) (equitable tolling not justified where there was no causal connection between counsel's failure to file a direct appeal and petitioner's delay in filing his habeas petition) (further citations omitted))).

In short, Petitioner fails to establish a basis for equitable tolling, and his claims are time-barred.

## VII.

## RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner **JASON LEE SCHAEFER** be **DENIED**.

## VIII.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 11, 2022.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).